UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CALVIN WARR,

        Plaintiffs,

    v.

DEBBIE ASUNCION, et al.,

        Defendants.

Case No. CV 17-7219-FMO (SP)

MEMORANDUM AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

## I.
## PROCEEDINGS

On September 29, 2017, pro se plaintiff Calvin Warr, a California state prisoner proceeding in forma pauperis, filed a Complaint in this court pursuant to 42 U.S.C. § 1983. In the Complaint, plaintiff alleges correctional officers used excessive force on him during a body search for contraband at the California State Prison, Los Angeles County ("CSP-LAC") in Lancaster.

At the same time it granted plaintiff leave to proceed without prepayment of filing fees, the Court issued its initial order in this case on December 5, 2017, in which the Court advised plaintiff it was screening the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. In accordance with the terms of the Prison Litigation Reform

Act of 1995 ("PLRA"), the Court screened the Complaint for purposes of determining whether the action was frivolous or malicious, or failed to state a claim on which relief might be granted, or sought monetary relief against a defendant who was immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court found that its allegations were for the most part insufficient to state a civil rights claim. Specifically, the Court found that: (1) the claims against defendants in their official capacity are barred by state sovereign immunity under the Eleventh Amendment; (2) the Complaint fails to state a supervisory liability claim; (3) the Complaint fails to state a claim for deliberate indifference to medical needs; (4) the Complaint fails to state an excessive force claim against all but two defendants; (5) the Complaint fails to state a conspiracy claim; (6) the Complaint cannot state a claim based on a criminal violation; and (7) the Complaint does not state a claim for defamation. Accordingly, on March 8, 2018, the Court issued an Order finding the Complaint subject to dismissal, but granting plaintiff leave to amend. Alternatively, the Court gave plaintiff the option of proceeding on his excessive force claim in the Complaint against two defendants in their individual capacity only. If plaintiff wished to proceed on that claim, he was ordered to file a notice of his voluntary dismissal of the other defendants by April 9, 2018. If plaintiff wished to pursue this action against all defendants, he was ordered to file a First Amended Complaint by April 9, 2018, curing the enumerated deficiencies. The Order expressly admonished plaintiff that, if he failed to timely file comply with the Order, the Court may recommend that this action be dismissed.

On the same day, after discovering a docketing error with its initial grant of leave to proceed without prepaying filing fees, the Court again granted plaintiff's request to proceed without prepayment of filing fees. Plaintiff was ordered to pay an initial partial filing fee of $9.83 by April 9, 2018.

Plaintiff failed to pay the initial partial filing fee or file a First Amended Complaint

or notice of voluntary dismissal by the April 9, 2018 deadline. Accordingly, on May 30, 2018, the Court issued an Order to Show Cause Why the Complaint Should Not Be Dismissed For Failure to Prosecute ("OSC"). Plaintiff was ordered to respond to the OSC by June 20, 2018, and either show cause why the action should not be dismissed or, in the alternative, file a First Amended Complaint or notice voluntarily dismissing all but two defendants, and pay the initial partial filing fee. The Court cautioned plaintiff that his failure to timely respond to the OSC would be deemed by the Court as consent to the dismissal of this action without prejudice.

Plaintiff did not respond in any fashion to the OSC by the June 20, 2018 deadline as ordered. In fact, the Court has not received any response or other communication from plaintiff since he filed a notice of change of address on January 2, 2018.

## II.

## DISCUSSION

The original Complaint filed by plaintiff herein suffers from the pleading deficiencies discussed in the Court's May 30, 2018 Order Dismissing Complaint With Leave to Amend. Plaintiff also has not paid the $9.83 initial partial filing fee as ordered. When plaintiff failed to file either an amended complaint or a notice of dismissal indicating an intent to proceed on part of the Complaint, and also failed to pay the initial partial filing fee, the Court issued an OSC. The OSC gave him an opportunity to show cause for his failure to prosecute or to discharge the OSC by paying the $9.83 fee and by either filing a First Amended Complaint or notice of dismissal, and warned plaintiff that failure to comply with the Court's order would be deemed by the Court as consent to the dismissal of this action without prejudice. Plaintiff has failed to file a First Amended Complaint, has failed to pay the initial partial filing fee, and has failed to otherwise respond to the OSC by the deadline to do so. Plaintiff's failure to file a First Amended Complaint, to respond in any fashion to the Court's May 30, 2018 OSC, or to pay the initial partial filing fee, despite being admonished of the consequences, evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to pay the initial partial filing fee, failed to file a First Amended Complaint or voluntary partial dismissal as directed, and failed to respond to the Court's May 30, 2018 OSC. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53

4

(9th Cir. 1994). Although the defendants here have not yet been served and the pendency of a lawsuit is not itself sufficiently prejudicial to warrant dismissal (*Pagtalunan*, 291 F.3d at 642), nothing suggests that the presumption of prejudice to defendants is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply with the Court's orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to pay the required initial partial filing fee, failing to file a First Amended Complaint or indicate an intent to proceed on part of the Complaint by filing a notice of partial dismissal, and failing to respond to the Court's May 30, 2018 OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) cautioning plaintiff in its March 8, 2018 dismissal order that failure to either timely file a First Amended Complaint or notice of partial dismissal may result in a recommendation of dismissal; (2) after plaintiff's deadline to pay the initial partial filing fee and to either file a First Amended Complaint or notice of partial dismissal passed, issuing an OSC in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action without prejudice; and (3) waiting more than three weeks beyond the deadline to respond to the OSC before issuing this order. Further, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the Complaint without prejudice is warranted for failure to prosecute and to obey court orders.

## III.
## **ORDER**

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: July 17, 2018

_____/s/_____
HONORABLE FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE